UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONELL CARTER,

               Plaintiff,               CASE NO. 2:10-12002
                                                  HONORABLE PATRICK J. DUGGAN
v.                                                UNITED STATES DISTRICT JUDGE

MARK HACKEL, MACOMB COUNTY
JAIL FOOD SERVICE STAFF,
MACOMB COUNTY JAIL MENTAL
HEALTH SERVICE STAFF, and
MACOMB COUNTY JAIL MEDICAL
DEPARTMENT STAFF,

               Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 17, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On May 18, 2010, plaintiff, a prisoner incarcerated at the Macomb County Jail in Mount Clemens, Michigan, filed a civil rights complaint pursuant to 42 U.S.C.§ 1983. On May 21, 2010, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to pay the $350.00 filing fee or to submit an application to proceed *in forma pauperis* within thirty days of the order. On the same day, Magistrate Judge R. Steven Whalen signed a second order directing plaintiff to provide four

1

additional copies of his complaint in order to effect proper service upon the defendants. To date, plaintiff has complied with neither order. For the reasons stated below, the complaint is dismissed with prejudice.

## I. Discussion

The Prison Litigation Reform Act ("PLRA") states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The *in forma pauperis* statute does provide prisoners the opportunity to make a downpayment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1284 (6th Cir. 1997). Additionally, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 127 S. Ct. 910, 916 (2007). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

In addition, an inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the

additional copies of his complaint in order to effect proper service upon the defendants. To date, plaintiff has complied with neither order. For the reasons stated below, the complaint is dismissed with prejudice.

## I. Discussion

The Prison Litigation Reform Act ("PLRA") states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The *in forma pauperis* statute does provide prisoners the opportunity to make a downpayment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1284 (6th Cir. 1997). Additionally, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 127 S. Ct. 910, 916 (2007). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

In addition, an inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the

additional copies of his complaint in order to effect proper service upon the defendants. To date, plaintiff has complied with neither order. For the reasons stated below, the complaint is dismissed with prejudice.

## I. Discussion

The Prison Litigation Reform Act ("PLRA") states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The *in forma pauperis* statute does provide prisoners the opportunity to make a downpayment of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1284 (6th Cir. 1997). Additionally, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 127 S. Ct. 910, 916 (2007). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

In addition, an inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the

action by serving upon him or her a summons and copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *see also Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996). As noted, however, plaintiff has not applied for or been granted leave to proceed *in forma pauperis* and has not supplied the necessary copies of his complaint for service.

The Court dismisses plaintiff's complaint for want of prosecution because of plaintiff's failure to comply with Magistrate Judge Whalen's deficiency orders. Plaintiff failed to timely pay the filing fee or to provide the requested documentation needed to proceed *in forma pauperis*. *See Erby v. Kula,* 113 F. App'x 74, 75-76 (6th Cir. 2004); *Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003). Additionally, plaintiff failed to provide the necessary copies for service upon the defendants.

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act and for failing to provide the Court with the requested copies needed to effect service upon the defendants. Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.

A judgment consistent with this order shall issue.

         **s/PATRICK J. DUGGAN**
         **UNITED STATES DISTRICT JUDGE**

Copy To:
Donell Carter, #20801
Macomb County Jail
43565 Elizabeth
PO Box 2308
Mount Clemens, MI 48043